## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

MICHAEL K. MERRIFIELD,

        Petitioner,

v.                             CIVIL ACTION NO.  3:25-00059

JONATHAN FRAME, Superintendent,
Mount Olive Correctional Complex,

        Respondent.

### MEMORANDUM OPINION AND ORDER

Petitioner brought this action pursuant to 28 U.S.C. § 2254. Before the Court are Petitioner's Petition for Writ of Habeas Corpus (ECF 1) and Petitioner's Motion to Waive Exhaustion Requirement (ECF 2). The Petition and Motion were referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge. The Magistrate Judge has submitted proposed findings of fact and recommended that this Court deny the Motion and dismiss the Petition. *See* ECF 20.

Petitioner has raised several objections to the Magistrate Judge's Proposed Findings and Recommendation.[1] *See* ECF 23. For the reasons stated below, the Court **DENIES** these objections, **DENIES** Petitioner's Motion, and **DISMISSES** Petitioner's Petition.

Generally, a federal district court may not review a federal habeas petition under 28 U.S.C. § 2245 unless the petitioner has exhausted the remedies available to them under state law. *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). A court may waive the exhaustion requirement if the petitioner establishes that "there is an absence of available state corrective process" or

---

[1] The objections, response in opposition, and reply were all filed late. *See* ECF Nos. 22, 23, 24, 25. Only the reply asked the court to excuse its tardiness. *See* ECF Nos. 23, 24, 25. The Court will excuse each filing's untimeliness.

"circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). These exceptions only apply "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "[N]o federal court has ever excused a state prisoner's failure to exhaust merely due to delay in state court proceedings." *Hicks v. Frame*, 145 F.4th 408, 420 (4th Cir. 2025) (quoting *Johnson v. Bauman*, 27 F.4th 384, 391 (6th Cir. 2022)). "Instead, even after delay, a petitioner has needed to prove that further efforts in state court would be 'futile in the face of state dilatoriness or recalcitrance.'" *Id.* (quoting *Farmer v. Cir. Ct. of Md. for Balt. Cnty.*, 31 F.3d 219, 223 (4th Cir. 1994)).

Here, the Magistrate Judge concluded that there was not "an absence of available state process that would make exhaustion futile" in part because:

> there is no evidence in the record that Petitioner has, since the omnibus hearings, sought a writ of mandamus from the [Supreme Court of Appeals of West Virginia ("SCAWV")] to move the state court proceedings forward and mandate a decision from the circuit court or to file an original jurisdiction habeas petition in the SCAWV.

ECF 20 at 16.

At least two federal appeals courts have held that a state inmate must ask their state's supreme court for a writ of mandamus before § 2254's exhaustion requirement can be waived. *See Coady v. Vaughn*, 251 F.3d 480, 489 (3d Cir. 2001); *Jackson v. Walker*, 206 F. App'x 967, 969 (11th Cir. 2006). This Court finds their reasoning persuasive. A state inmate must seek relief from their state supreme court before filing a federal habeas petition unless they show that doing so would be futile.

Petitioner argues that he cannot seek a writ of mandamus from, or file an original habeas petition in, the SCAWV because the West Virginia Rules of Appellate Procedure "bar such pro se

filings when the applicant is represented by counsel." ECF 23 at 13. However, the West Virginia Rules of Appellate Procedure only prohibit pro se filings "[w]hen a party is represented by counsel in an action *before the Intermediate Court or the Supreme Court*."[2] W. Va. R. App. P. 4(b) (emphasis added). Petitioner is not being represented in an intermediate- or supreme-court proceeding, so Petitioner may seek relief from the SCAWV. Accordingly, the Court will not excuse Petitioner's failure to exhaust state-law remedies.

It is unnecessary to address Petitioner's remaining objections. Even if the Court sustained all of them, it would deny Petitioner's Motion based on Petitioner's failure to seek relief from the SCAWV.

Accordingly, the Court **DENIES** Petitioner's Motion to Waive Exhaustion Requirement (ECF 2), **DENIES** his objections to the Proposed Findings and Recommendation (ECF 20), **ACCEPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendation, and **DISMISSES** this action **without prejudice** from the Court's docket.

The Court has considered whether to grant a certificate of appealability ("COA"). *See generally* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When [a] district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

---

[2] Respondent noted this fact in his Response. *See* ECF 24 at 4. Petitioner asserts that it was improper for Respondent to raise this "new argument" in a response to Petitioner's objections. *See* ECF 25 at 7. Petitioner cites no authority to support this proposition. It is difficult to understand why Respondent's argument is improper since Petitioner's reply gave him a chance to respond to it. Regardless, even if Respondent had not filed a response to Petitioner's objections, the Court would have still reviewed West Virginia's Rules of Appellate Procedure to evaluate Petitioner's claim.

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard is not satisfied here. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Magistrate Judge Tinsley, counsel of record, and any unrepresented parties.


ENTER:        October 8, 2025


ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE